UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYQUEAL DONTRE COTTON,

        Petitioner,                      Case No. 1:16-cv-1387

v.                                            Honorable Janet T. Neff

THOMAS MACKIE,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Myqueal Dontre Cotton is presently incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility in Manistee, Michigan. Petitioner is serving a sentence of 4 years, 9 months to 15 years imposed by the Kent County Circuit Court on March 19, 2015, following Petitioner's guilty plea and conviction for second-degree home invasion, MICH. COMP. LAWS § 750.110a(3).

Petitioner challenges his sentence. Petitioner contends that the trial court improperly scored Offense Variable 19.[1] He raised the issue in the trial court at a post-conviction motion hearing. The trial court denied the motion stating that there was a preponderance of the evidence that Petitioner lied to investigators and thus the score of 10 points was appropriate. (Mich. Appl. for Leave to Appeal, ECF No. 1-1, PageID.27.)

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. That court denied leave by order entered January 29, 2016, "for lack of merit in the grounds presented." (Mich. Ct. App. Ord., ECF No. 1-1, PageID.35.) Petitioner then applied for leave to appeal in the Michigan Supreme Court. The supreme court denied leave by order entered July 26, 2016. In both Michigan appellate courts, Petitioner raised one issue: Petitioner was sentenced on the basis of inaccurate information and in violation of due process where Offense Variable 19 was incorrectly scored and he is entitled to resentencing to correct the error. That is the sole issue Petitioner raises in his habeas petition. (Pet., ECF No. 1, PageID.6.)

---

[1] Offense Variable 19 considers whether the offender interfered with the administration of justice. MICH. COMP. LAWS § 777.49. The Code calls for the assignment of 10 points where "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice." *Id.*

On Petitioner's direct appeal he described the proceedings in the trial court as follows:

> [Petitioner] pled guilty to home invasion second degree on February 17, 2015 before the Honorable Dennis B. Leiber in the Kent County Circuit Court.
>
> In making the factual basis for the plea, Mr. Cotton admitted to entering a home without permission in Grand Rapids on December 16, 2014, through a window. He entered the home in order to steal items, and stole a "music poster, a license plate, a computer . . . and some house shoes and a pair of boots."
>
> At sentencing on March 19, 2015, Mr. Cotton's guidelines range was 29 months to 57 months. Trial counsel made no objections to the scoring of the offense variables. The trial court sentenced Mr. Cotton to 57 to 180 months in prison.

(Mich. Appl. for Leave to Appeal, ECF No. 1-1, PageID.27 (footnotes and transcript citations omitted).) Petitioner contests only one aspect of the scoring:

> The MDOC assessed 10 points for OV 19, "Interference with the Administration of Justice." [The statute] required the assessment of 10 points when "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice."
>
> There was no evidence presented during the taking of the plea, or at sentencing, as to why OV 19 was scored at 10 points. In the pre-sentence investigation report, Agent's Description of the Offense, the following information is included, which the trial court appeared to rely on in denying the post-conviction motion for resentencing:
>
>> Defendant denied going into the home. When asked why his fingerprints were on the window, Defendant said he was probably "looking at a female." Officer Freres asked who the females was, and Defendant said, "the female that lives there." Defendant was unable to provide a name. Officer Freres asked Defendant if he normally peeps in windows, and Defendant responded that he does not do any window peeping. Officer Freres continued asking about the alleged female and how Defendant's fingerprints go[t] on the window, and Defendant indicated that he would not answer any more questions.

(*Id.*, PageID.29 (transcript citations omitted).) Petitioner argues that the "Agent's Description" falls short of the preponderance of the evidence necessary to show that Mr. Cotton was lying to the

officer. Moreover, Petitioner argues, the error was not harmless. Proper scoring, he contends, would change his minimum sentence from a range of 29 to 57 months to a range of 19 to 38 months. Finally, Petitioner argues his counsel at sentencing was ineffective for failing to raise the issue.

## **Discussion**

### I. The standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas

petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 2015 WL 1400852, at *3 (quoting *Harrington v. Richter*, 562 U.S. 83, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted). The court may grant relief under the "unreasonable application" clause "if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular . . . case." *Williams*, 529 U.S. at 407. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410. "[R]elief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White*, 134 S. Ct. at 1706-07 (quoting *Harrington*, 562 U.S. at 103).

Where the state appellate court has issued a summary affirmance, it is strongly presumed to have been made on the merits, and a federal court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *See Harrington*, 562 U.S. at 99; *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (applying *Harrington* and holding that a summary denial of leave to appeal by a Michigan

appellate court is considered a decision on the merits entitled to AEDPA deference). The presumption, however, is not irrebuttable. *Johnson*, 133 S. Ct. at 1096. Where other circumstances indicate that the state court has not addressed the merits of a claim, the court conducts *de novo* review. *See id.* (recognizing that, among other things, if the state court only decided the issue based on a state standard different from the federal standard, the presumption arguably might be overcome); *see also Harrington*, 562 U.S. at 99-100 (noting that the presumption that the state-court's decision was on the merits "may be overcome when there is reason to think some other explanation for the state court's decision is more likely"); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

    II.    <u>Sentencing guidelines scoring errors</u>

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within

the limits prescribed by the state legislature);[2] *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000); *Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003) (quoting *Pulley v. Harris*, 465 U.S. 37, 50 (1984)); *see also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a

---

[2]There is no dispute that the trial court sentenced Petitioner to a maximum term of imprisonment that falls within the statutory limit. *See* MICH. COMP. LAWS § 750.110a(6) ("Home invasion in the second degree is a felony punishable by imprisonment for not more than 15 years or a fine of not more than $3,000.00, or both.").

claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 447.

Petitioner's challenge attacks the trial court's scoring of Offense Variable 19 on two levels. First, Petitioner argues that the sentence is based on materially false information because the record does not establish by a preponderance of the evidence that he lied to investigators. Second, Petitioner argues that the sentence is based on materially false information because the "lie" to investigators described in the Agent's Description of the Offense does not rise to the level of interference with the administration of justice.

### A. The finding that Petitioner lied

Petitioner's contention that there is not a preponderance of evidence to support the trial court's finding that Petitioner lied applies the wrong standard. The trial court's determination that Petitioner lied to investigators is a factual finding that is presumed to be correct on habeas review. To overcome that presumption, Petitioner must, by clear and convincing evidence, demonstrate that he did not lie to investigators. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. Petitioner has not even attempted to do so. He has merely presented the same argument he made on direct appeal: the evidence that Petitioner lied does not preponderate. That argument does not warrant habeas relief.

### B. The determination that Petitioner's lie constitutes interference with the administration of justice

Petitioner's further contention that his "lie" to investigators did not constitute interference with the administration of justice is also unavailing. The trial court concluded the lie interfered with the administration of justice. The Michigan Court of Appeals determined that Petitioner's argument to the contrary lacked merit. It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle*, 502 U.S. at 68. Challenges to the application of Michigan's sentencing guidelines are state law issues. *See, e.g. Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007). The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983). The Sixth Circuit repeatedly has recognized "'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76). Accordingly, Petitioner's argument that he did not interfere with the administration of justice does not warrant habeas relief.

### III. Ineffective assistance of counsel

Petitioner also states that his counsel rendered constitutionally ineffective assistance when he failed to raise the Offense Variable 19 scoring issues in the trial court at sentencing. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Counsel's failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel. *See Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010); *O'Hara v. Brigano*, 499 F.3d 492, 506 (6th Cir. 2007); *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000). Petitioner's claims regarding the scoring of Offense Variable 19 lacked merit; thus, his counsel's failure to raise them was not ineffective assistance.

## Conclusion

Petitioner has failed to show that the state court's sentence was contrary to, or involved an unreasonable application of, clearly established federal law or that the sentence was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A

-11-

petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   December 13, 2016                    /s/ Janet T. Neff
                                                       Janet T. Neff
                                                      United States District Judge